IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In re SIDNEY A. CANTRELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 09-mc-0158-CV-W-GAF |
| | ) |
| US BIOSERVICES CORPORATION, | ) |
| et al., | ) |
| | ) |
| Interested Parties. | ) |

## ORDER

Pending before the Court is Sidney A. Cantrell's ("Cantrell") Motion to Quash. (Doc. #1). Cantrell seeks to quash US Bioservices Corporation, et al.'s ("USBC") subpoena seeking the following from Cantrell:

> 1. All documents relating, in any way, to the transition of patients under your care from receiving pharmaceutical services from US Bioservices to receiving pharmaceutical services from Axelacare during the period from May 1, 2008 to the present.
>
> 2. All documents that you have received from or given to Leticia Lugo, Garth Groman, Brian Cleary, Mary Cleary, Stacey Cuba, Lester Martin and/or Axelacare from May 1, 2008 to the present.
>
> 3. Copies of any and all communications, including but not limited to emails, letters, facsimiles, text messages, individual messages, telephone messages, and all other written, recorded or transcribed communications, from May 1, 2008 to the present, between you and Leticia Lugo, Garth Groman, Brian Cleary, Mary Cleary, Stacey Cuba, Lester Martin and/or Axelacare.

(Doc. #1, Ex. 1).

"On timely motion, a district court shall quash or modify a subpoena if the subpoena fails to allow reasonable time for compliance, requires a witness who is not a party to travel more than

1

100 miles, requires disclosure of privileged or protected matter, or subjects a person to undue burden." *Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005) (*citing* Fed. R. Civ. P. 45(c)(3)(A)(iii)). "A subpoena must also seek relevant information." *Id.* (*citing Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360-62 (8th Cir. 2003) *&* Fed. R. Civ. P. 26(b)(1)).

In this case, USBC has established that the evidence is relevant to its claims and Cantrell does not dispute the relevance of the disputed documents. Instead, Cantrell alleges the documents are protected by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPAA"), and Missouri's physician-patient privilege. However, USBC correctly points out that HIPAA expressly provides for disclosure in judicial proceedings when a qualified protective order has been entered, as in this case. (*See* Doc. #2, Ex. C-D); 45 C.F.R. § 164.512(e). Further, there is no federal physician-patient privilege and Missouri's physician-patient privilege does not apply in federal question cases even with respect to pendant state law claims. *In re Grand Jury Subpoena*, 460 F. Supp. 150, 151 (W.D. Mo. 1978) *& Koster v. Chase Manhattan Bank*, No. 81 Civ. 5018 (GLG), 1984 U.S. Dist. LEXIS 23874, at *9-10 (S.D.N.Y., Sept. 5, 1984). *See also Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); *Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000); *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992); *Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992); *von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987).

Cantrell also argues compliance with the subpoena would be an unreasonable burden. He states his practice has about 6,000 active patient charts that would require manual searching at a cost of $7,500. He further argues all the information sought in the subpoena could be obtained from party defendants in the underlying suit.

The Court agrees that the subpoena is unduly burdensome. According to Cantrell's

2

representations, the cost and resources required to produce the information would be substantial. Further, USBC admits that the documents requested could be first sought from the party defendants. Under the circumstances, the subpoena would impose an undue burden on a non-party. *See Haworth Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (finding the district court did not abuse its discretion in quashing a subpoena when the same information was available but not first sought from party defendants). Cantrell's Motion to Quash is therefore GRANTED.[1]

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:   April 21, 2009

---

[1] Cantrell's Motion for Leave to File out of Time (Doc. #3) is also GRANTED.

3